PETER W. BELLINGALL, appellant, v. HANNAH DUNCAN et al. appellees.

*Appeal from Jo Daviess County Court.*

If a levy is made during the life time of an execution, the property may be sold afterwards; and where it has been returned with an indorsement of a levy on real estate, and the creditor desires a sale, he may, at his election, sue out a *venditioni exponas* directed to either the sheriff who made the levy, or his successor in office.

A *venditioni exponas* conveys no new authority on the sheriff. Its only office is to compel him to proceed with a sale, which he already has the power to make.

The Common Law rule is, that the officer who levies an execution, must make sale of the property and receive the money; or, in other words, the officer who commenced the service of the process must complete the execution thereof, and this, whether he continue in office or not. This rule, however, only applies to sales of personal property, as real estate, at Common Law, was not subject to sale on execution.

On a trial in *ejectment*, a record of a judgment in a proceeding by *scire facias* to foreclose a mortgage, ordering a sale of the premises, was read in evidence without objection. The judgment did not describe the premises: *Held*, on objection being made in the appellate Court, that the judgment, although technically defective, could not be vitiated in a collateral proceeding, and that the objection could not be raised in that Court for the first time.

EJECTMENT, in the Jo Daviess County Court, brought by the appellees against the appellant, and tried before the Hon. Hugh T. Dickey without the intervention of a jury, at the July term 1846, when the case was taken under advisement. Judgment was rendered in favor of the plaintiffs below at the November term following.

*S. T. Logan*, for the appellant.

*A. T. Bledsoe*, for the appellees.

The Opinion of the Court was delivered by

TREAT, J.* This was an action of ejectment brought by the devisees of Samuel C. Duncan, the appellees, in this Court, against Peter W. Bellingall, the appellant, to recover the possession of part of lot thirty six in the town of Galena.

---

* THOMAS, J. having been of counsel in this case, did not sit. DENNING, J. was absent, &c.

On the trial before the Court, the appellees introduced the record of a judgment rendered in the Jo Daviess Circuit Court, on the 15th of July, 1837, in favor of Crow & Tevis, and against the appellant, for $1216·23 and costs; also, an execution issued thereon, on the 10th of July, 1838, on which the sheriff made this return: "Levied on one house and lot in the town of Galena, as the property of P. W. Bellingall, this 20th of July, 1838; offered the above described property for sale at public auction, this 10th of October, 1838; no bidders; not satisfied. M. Hallett, Sheriff." The appellees also read in evidence a writ of *venditioni exponas,* issued on the 4th of November, 1840, describing the property as in the indorsement on the execution, and commanding the sheriff to proceed and sell the same, and on which the sheriff made this return: "Sold the within described property to Duncan & Schermer for two thousand and ten dollars, and paid the within judgment and costs, being $1526·17; and also paid judgment and costs in favor of H. H. Gear, being $378·35, and offered balance, $105·77 to the defendant, and he refused to recieve it. Alex'r Young, Sheriff." The appellees then proved by parol that the lot levied on and sold was lot thirty six in the town of Galena. They then introduced a deed from the sheriff to Duncan for the premises in question, bearing date the 23d of May, 1842, and which recited an assignment by Schermer to Duncan of his interest in the certificate of purchase. The appellant objected to all of the foregoing testimony.

The appellees next read in evidence, the record of a judgment recovered by Schermer against Bellingall in the Jo Daviess Circuit Court, on the 22d of June, 1841, in a proceeding by *scire facias* to foreclose a mortgage, for $2134·84, which judgment directed a sale of the mortgaged premises, but omitted to describe them; also, a special execution issued thereon, on the 1st of February, 1842, directing a sale of lot thirty six in the town of Galena, on which the sheriff made this return: "Satisfied in full by plaintiff purchasing the within described property. March 23d, 1842. Alex'r Young, Sheriff." The appellant objected to the introduction of the execution and return, because no levy appeared to

have been made.   The appellees next introduced the sheriff's deed under this sale, bearing date the 23d of May, 1843, conveying the premises to Duncan, and reciting an assignment by Schermer to Duncan of his interest in the certificate of purchase.   The appellant objected to the introduction of this deed for the reason, that Schermer' had not redeemed the premises from the previous sale.   The foregoing was all of the testimony material to be referred to in the decision of this case.   The Court found the issue in favor of the appellees, and they had judgment accordingly.   Bellingall prosecuted an appeal to this Court.

Two points are made by the counsel for the appellant; *first,* the sale by the sheriff on the *venditioni exponas* was illegal and void; and *second,* the special execution on the second judgment was unauthorized, the judgment omitting to describe the mortgaged premises.

*First.* If a levy is made during the lifetime of an execution, the property may be sold afterwards.   In the present case the levy was made in due time by one sheriff; the property was sold by his successor in office.   Had the latter the right to make the sale?   It is clear that he did not derive this right from the *venditioni exponas.*   Such a writ confers no new authority on the sheriff.   Its only office is to compel him to proceed with a sale, which he already has the power to make.   *Dana* v. *Phillips,* 3 Scam. 551.   The common law rule is, that the officer who levies an execution must make sale of the property and receive the money; or in other words, the officer who commences the service of the process must complete the execution thereof, and this whether he continue in office or not.   6 Bac. Abr. 161; *Elkin* v. *The People,* 3 Scam. 208.   The doctrine, however, only related to sales of personal property, for at common law, real estate was not subject to sale on execution.   Let us inquire into the rule on which the rule was founded, and see if they are applicable to sales of land on execution.   Where goods are levied on, the possession is transferred from the debtor to the sheriff.   The sheriff acquires a special property in them, and may maintain trespass or trover if they are taken from his custody.   If the goods are of sufficient value to pay the

debt, the levy, until disposed of, is a satisfaction of the judg-
ment.    If they are lost through the neglect or fraud of the
sheriff, the creditor must look to him and not to the debtor
for their value.    On a sale, the sheriff delivers the possession
to the purchaser.    It seems highly proper that the officer
making the levy should retain the possession of the property
and perfect the sale.    Unless the goods come into the pos-
session of the new sheriff, he has no control over them, and
of course no authority to sell them.    There is an essential
difference in the case of a levy on real estate.    The land re-
mains in the possession of the debtor, not only until the day
of sale, but until the time allowed him by law to redeem has
expired; and even then the sheriff cannot divest him of the
possession, but the purchaser is driven to his action of eject-
ment to recover it.    The common law authorities being con-
fined to sales of personal property, we consider ourselves at
perfect liberty to adopt such rule in relation to sales of land
on execution, as we may deem best adapted to the circum-
stances of the country and the interests of its citizens.    There
seems to be no good reason why the sale should be confined
exclusively to the sheriff making the levy; but, on the contra-
ry, there are some cogent reasons why his successor should
be permitted to do it.    It is wholly immaterial to the debtor
which of them is to make the sale.    He is equally protected
in either case.    Much inconvenience may arise if the new
sheriff is not allowed to complete the service of the process
commenced by his predecessor.    The old sheriff may die or
remove from the bailiwick before he has sold the land, and
if his successor is not allowed to make the sale, the creditor
may be greatly delayed and injured in his remedy.    In
order to give the new sheriff any authority to collect the
judgment, he might be compelled to have the levy set aside, and
in that way lose the benefit of the lien acquired by the levy.
His lien might be defeated for the want of an officer author-
ized to enforce it.    In the case of a levy on personal prop-
erty, the creditor might have a remedy on the official bond
of the sheriff; but in the case of a levy on land, he might have
no effectual remedy.    We are disposed, therefore, to decide
that the new sheriff may sell real estate levied on by his pre-

Bellingall *v.* Duncan *et al.*

decessor in office. The sale by either would be valid. Where the execution has been returned with an indorsement of a levy on real estate, and the creditor desires a sale, he may at his election sue out a *venditioni exponas*, directed to either the sheriff who made the levy, or his successor in office. Where the former sheriff retains the custody of the execution, the *vendi* should be directed to him; or the creditor may procure the return of the process, and then direct the *vendi* to the new sheriff. It is the opinion of the Court that the sheriff in office when the sale took place, had ample authority to make it, and that his deed vested in the purchaser whatever title the judgment debtor had in the premises at the date of the levy.

*Second.* In relation to the second question, it is insisted that the evidence fails to show that any judgment was rendered against the premises in dispute. The judgment may be technically defective in not describing the mortgaged premises, but this is, at most, an irregularity which cannot vitiate the judgment in a collateral proceeding. It was undoubtedly competent for the appellees to have shown, by the mortgage and *scire facias*, that the execution properly described the premises mortgaged. If this was the fact, the title under the judgment is valid. No exception was taken to the introduction of the judgment. The execution was objected to, because no levy had been made; and the sheriff's deed was objected to, only for the reason that the mortgagee had not redeemed from a former sale. The appellant did not raise the objections in the Court below which he now interposes here. He is not at liberty to make them for the first time in this Court. If he had raised these objections on the trial, or even made a general objection to the proceedings, the appellees might have obviated all difficulty, by producing the mortgage and *scire facias*, showing that the premises mortgaged were correctly described in the execution.

The judgment of the Jo Daviess County Court is affirmed, with costs.

*Judgment affirmed.*